## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT, TEXAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| **VS.** | § | **CR. NO. 1:12-CR-29** |
| **JERRY TREVINO** | § | |

### MOTION FOR DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Defendant**, JERRY TREVINO, by** and through his undersigned counsel, and moves this Court for an order requiring the Government to provide the following materials to the Defendant.

1. To permit Defendant's attorney to inspect and copy or photograph any relevant written or recorded statements or conferences made by the Defendant, or for which he is to be held accountable, or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by exercising due diligence may become known, to the attorney for the Government.

2. Disclosure of the substance of any oral statements made by the Defendant, or for which he is to be held accountable, including permitting Defendant's attorney to inspect and copy or photograph any summaries or memoranda of such statements, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government.

3. To permit Defendant's attorney to inspect and copy or photograph any relevant written or recorded statements or conferences made by Co-Conspirators for which Defendant will be accountable for or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by exercise of due diligence may become known, to the attorney for the government.

4. To permit Defendant's attorney to inspect and copy or photograph any and all results of any scientific test or experiments made in connection with the above referenced indictment, or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government. If any evidence was seized and if any scientific tests were conducted please disclose:

    (a) The types of tests conducted;

    (b) The laboratory where these tests were conducted;

    (c) The names of individuals conducting tests and their qualifications;

(d) The results of the scientific tests;

(e) The results of any fingerprints taken, if any

5. To permit Defendant's attorney to inspect and copy all books, papers, documents, photographs, or other tangible objects, or copies thereof, within the possession, custody of control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, and which are material to the preparation of the defense or are intended for use by the Government as evidence in case in chief at trial, or were obtained from or belong to the Defendant. This request includes obtaining duplicates (not Xerox copies) of all surveillance photographs taken.

6. To permit Defendant's attorney to inspect all photographs that may have been used in photographic arrays displayed to witnesses the Government intends to call to trial.

7. A copy of Defendant's prior criminal record.

8. As to all persons who will testify for the Government, either in its case in chief or in rebuttal the following specific and detailed information is requested:

(a) The existence and substance, and the manner of execution or fulfillment, of any promises, agreements, understandings or arrangements, either verbal or written, between the Government and any prosecution witness or his or her attorneys or representatives, wherein the Government has agreed, either expressly or implied, as follows:

(i) Not prosecute the witness for any crime or crimes

(ii) Not to prosecute a third party for any crime or crimes.

(iii) To provide a formal grant of statutory immunity, or to provide an informal assurance that the witness will not be prosecuted in connection with any testimony given by him or her;

(iv) To recommend leniency in sentencing for any crime or crimes for which he or she is convicted;

(v) To recommend a particular sentence for any crime or crimes for which he or she is convicted;

(vi) To provide favorable treatment or consideration that is money or the like, to the witnesses themselves, or to friends or relatives of the witnesses in return for the witnesses' cooperation, testimony, or assistance of any kind;

(vii) To compromise or diminish, or to recommend to compromise or diminish any federal, state or local taxes which the witness or friends or relatives of the witness owe or claim to owe;

(viii) To recommend early release, parole or pardon for any crime or crimes for which he or she may be serving a sentence in any federal, state or local institution;

(ix) To recommend early termination of any parole or probation for any crime or crimes for which he or she may be being supervised by any federal, state or local institution;

(x) To make any other recommendation of any benefit however slight, or to give any other consideration to the witness or friends or relatives of the witness;

(b) All of the information requested in paragraphs (i) to (x) regarding any cooperating individual used by the Government against the Defendant.

9. With respect to the existence of electronic surveillance, please state whether or not there has been any electronic surveillance, eavesdropping, interceptions of communications, wiretapping, listening devices or any similar investigative techniques utilized in the investigation of this case.

10. The names, addresses, back ground and criminal record of ail witnesses presented on the witness stand in the trial of this case by the Government.

11. Any and all recorded or written memoranda of conversations, discussions with, or statements by informants and special employees of the Government.

12. The names and classifications of any and all Federal Bureau of Investigation agents, United States Attorneys, state and local law enforcement or other Government employees who met with, talked to, or were present at any meeting or discussion held with any informants and or special employees of the Government during the investigation of the offenses set forth in the indictment.

13. Any and all receipts, vouchers or other books and records concerning money expended by the Government, whether it be the Federal Bureau of investigation, or other Government agency, expended for the informants, witnesses, and special employees of the Government used in connection with the investigation of this case.

14. Any and all statements memoranda and or documents producible under 18 U. S. . C. Sec. 3500 at the time of trial, said statements, memoranda and documents to include grand jury testimony of all witnesses who testified to the grand jury in this case.

15. A copy of all original notes and memoranda (Whether handwritten or otherwise) that may have been made by any and all Federal agents investigating this case, including any person who may have been acting in an informer or undercover capacity.

If such notes and memoranda were once in existence but have now been destroyed, the purpose and exact information surrounding their destructions should be furnished in complete detail.

16. Disclose whether or not any potential witness, or any informant or special employee of the Government has been designated as a drug abuser and whether or not such person has been treated for drug abuse or condition. Designate the names, addresses and classifications of all physicians, hospitals and institutions wherein any such diagnosis has been made or where any such treatment has been given, and the dates of admission and release. If any potential witness has been treated as an outpatient as opposed to being institutionalized, please so designate.

17. Disclose whether or not any potential witness for the Government, informant or special employee of the Government has ever been treated by any psychiatrist or psychologist for any emotional illness or personality disorder, or pathology, and if so, designate the names *and* addresses of the diagnosing or treatment psychologist, psychologist, or psychiatrist.

18. Disclose whether or not there was any evidence seized from the Defendant, his residence, automobile; or evidence seized from another person or location regardless of the Governments intent to introduce the evidence at trial or not. If any evidence was seized, disclose:

(a) Whether the seizure was pursuant to an arrest warrant, search warrant, or allegedly by consent;

(b) A description of the evidence;

(c) The date of the seizure; and

(d) The names of the persons who were present.

19. Disclose whether or not any witnesses have been shown a photographic array, and if so, with respect to each witness:

(a) Production of the array for inspection and copying;

(b) The names of the agents or person who displayed the array to the witness;

(c) The dates the array was displayed to the witness; and

(d) The name of each such witness.

20. In addition to all the items mentioned herein-above, we specifically request the Government furnish to us any and all evidence that may be in its possession and which may be materially favorable to the Defendant either of a direct or of an impeaching nature, within the purview of Brady v. Maryland and its progeny.

21. With respect to the UNITED STATES SENTENCING GUIDELINES Sec. 1B1.3 disclose:

(a) All conduct, circumstances and injuries relevant to the crimes alleged in the Indictment upon which the Government intends to rely at sentencing;

(b) The names of all victims and the nature of their injury;

(c) Pursuant to Part B of Chapter 3 of the Sentencing Guidelines, disclose whether the Defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, a manager or supervisor and the activity involved five or more participants or was otherwise extensive, a minimal or minor participant, whether there was an abuse of position or trust or use of a special skill, whether there was obstruction of justice.

(d) Disclose all information concerning Defendant's prior criminal record upon which the government intends to rely under Chapter 4 of the Sentencing Guidelines.

(e) Disclose all information which the Government contends reveals that the Defendant committed any crime alleged in the Indictment as part of a pattern of criminal conduct from which the defendant derived a substantial portion of his income under Sec. 4B1.3 of the Sentencing Guidelines.

(f) Disclose any and all information the Government intends to rely upon at sentencing pursuant to Chapter 5 of the Sentencing Guidelines to argue that the sentence imposed should be above the authorized guideline range under Sections 5K2.1, 5K2.2, 5K2.3, and 5K2.4.

Respectfully submitted,

**/s/ Tyrone C. Moncriffe**
**TYRONE C. MONCRIFFE**
**1314 TEXAS AVE., STE. 1112**
**HOUSTON, TEXAS 77002**
**TEL. (713) 529-2901**
**FAX: (713) 224-6475**
**STATE BAR NO. 14262700**
**ADMISSION NO. 444477**

## **CERTIFICATE OF SERVICE**

    I, TYRONE C. MONCRIFFE, do hereby, certify that on June 14, 2013, a true and correct copy of the above and foregoing Motion for Discovery was sent via E-FILE to the United States Attorney's Office, at 350 Magnolia, Ste. 150, Beaumont, Texas.

                                        **/S/ Tyrone C. Moncriffe**
                                        **TYRONE C. MONCRIFFE**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| **VS.** | § | **CR. NO. 1:12-CR-29** |
| **JERRY TREVINO** | § | |

**ORDER MOTION FOR DISCOVERY**

On this the _____ day of _____, 2013, came to be heard Defendant's Motion for Discovery prior to trial, and the court makes the following order with respect to the following requests for discovery. It appears to the court that the request as to paragraphs:

1. should be (GRANTED/DENIED)

2. should be (GRANTED/DENIED)

3. should be (GRANTED/DENIED)

4.   (a)  should be (GRANTED/DENIED)

    (b)  should be (GRANTED/DENIED)

    (c)  should be (GRANTED/DENIED)

    (d)  should be (GRANTED/DENIED)

    (e)  should be (GRANTED/DENIED)

5. should be (GRANTED/DENIED)

6. should be (GRANTED/DENIED)

7. should be (GRANTED/DENIED)

8.   (a)  (i) should be (GRANTED/DENIED)

    (ii) should be (GRANTED/DENIED)

    (iii) should be (GRANTED/DENIED)

    (iv) should be (GRANTED/DENIED)

    (v) should be (GRANTED/DENIED)

    (vii) should be (GRANTED/DENIED)should be (GRANTED/DENIED)

    (viii)    should be (GRANTED/DENIED)

    (ix) should be (GRANTED/DENIED)

    (x)   should be (GRANTED/DENIED)

8.  (b) should be (GRANTED/DENIED)

9.  should be (GRANTED/DENIED)

10.  should be (GRANTED/DENIED)

11.  should be (GRANTED/DENIED)

12.  should be (GRANTED/DENIED)

13.  should be (GRANTED/DENIED)

14.  should be (GRANTED/DENIED)

15.  should be (GRANTED/DENIED)

16.  should be (GRANTED/DENIED)

17.   should be (GRANTED/DENIED)

18.  (a) should be (GRANTED/DENIED)

   (b) should be (GRANTED/DENIED)

   (c) should be (GRANTED/DENIED)

   (d) should be (GRANTED/DENIED)

19.  (a) should be (GRANTED/DENIED)

   (b) should be (GRANTED/DENIED)

      (c) should be (GRANTED/DENIED)

      (d) should be (GRANTED/DENIED)

20.    should be (GRANTED/DENIED)

21.    (a) should be (GRANTED/DENIED)

      (b) should be (GRANTED/DENIED)

      (c) should be (GRANTED/DENIED)

      (d) should be (GRANTED/DENIED)

      (e) should be (GRANTED/DENIED)

      (f) should be (GRANTED/DENIED)

***IT IS THEREFORE ORDERED*** that the time for such inspection, copying, photographing and the tender of the above requested material by the United States Attorney to the defendant and his attorney of record is set at _____A.M.0/P.M. on the \_\_\_\_\_ day of _____,2013 at the United States Attorney's Office.

 

_____
**JUDGE PRESIDING**